VETERAN REALTY COMPANY, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLEE, v. CLARENCE MARKS, DEFENDANT-APPELLANT.

Submitted October 16, 1931—Decided November 23, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff-appellant, *Herschenstein, O'Brien & Tartalsky* (*Samuel Tartalsky* and *Harry Tartalsky*, of counsel).

For the plaintiff-appellee, *Stephen P. Piga.*

PER CURIAM.

This is an appeal from a judgment for $500 given in the First District Court of Jersey City.

The plaintiff on August 12th, 1930, entered into a written contract to employ the defendant as a salesman. The defendant was given a drawing account of $35 a week. Upon the termination of the employment, the defendant's drawing account of $35 a week exceeded the commissions earned and the present action was brought to recover the sum of $356.67, the balance alleged due on an accounting. The complaint also contained a count wherein recovery of $150 less an allowance of $20.50 was sought. The circumstance upon which this count was predicated will be hereafter stated.

We have searched the contract and find no provision which so much as suggests that if the salesman's commissions fell

below his drawing account he was obligated to refund the same. The whole instrument indicates that the January 1st accounting was for the purpose of determining the amount of commissions over and above the drawing account.

In *Roofing Sales Co.* v. *Rose,* 103 *N. J. L.* 553, it was held that where there was nothing in the contract of employment which suggested that if the defendant's commissions fell below $40 per week, he would repay the difference between the commissions earned and the sums advanced by his employer there could be no recovery. See, also, 39 *Corp. Jur.* 153, 154.

We, therefore, conclude that there was error in not directing a verdict for the defendant on the first count of the complaint.

We conclude that on the second count the judgment for the plaintiff was proper. The plaintiff was engaged in the real estate business. The defendant was a salesman. The defendant on purchasing one of the properties, which the plaintiff had for sale, agreed that the plaintiff was entitled to the payment of a sum equal to the commission which would have been earned had the property been sold to a stranger. It is difficult to see how the agreement falls within the four corners of the statute of frauds. The agreement was not to pay commissions to a broker but was a mere agreement by an employe to pay that to which his employer was entitled.

The judgment will be reversed.